**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEJANDRO BARRAGAN, | No. 07-71387 |
| Petitioner, | Agency No. A024-184-433 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2012[**]
Pasadena, California

Before: PREGERSON, HAWKINS, and BEA, Circuit Judges.

Petitioner Alejandro Barragan ("Barragan"), a native and citizen of

Colombia, petitions for review of the Board of Immigration Appeals' ("BIA")

orders dismissing his appeal and denying his motion to reconsider. We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction pursuant to 8 U.S.C. § 1252, and we deny Barragan's petition for review. We address his arguments in turn.[1]

**1.** Barragan argues that he was deprived of due process during his removal proceedings because the Immigration Judge ("IJ") never considered adjustment of status and never advised Barragan of his eligibility for adjustment of status. Even assuming the IJ erred, Barragan's due process challenge fails because he cannot establish prejudice. *See Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620-21 (9th Cir. 2006) (noting that, to prevail on a due process claim, the alien must show that he suffered prejudice from the alleged due process violation, which requires a showing "that the outcome of the proceeding may have been affected by the alleged violation'") (quoting *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000)).

When Barragan appealed to the BIA, the BIA considered, *de novo*, whether Barragan was entitled to adjustment of status. After weighing the equities, the BIA denied Barragan adjustment of status as a matter of discretion.[2] The record before the BIA was substantial and included testimony from Barragan, Barragan's mother,

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

[2] The ultimate decision of whether to grant or deny an alien's request for adjustment of status is committed to the agency's discretion. *Hosseini v. Gonzales*, 471 F.3d 953, 956 (9th Cir. 2006).

and Barragan's uncle. Barragan does not argue that he was unable to present evidence to the BIA, that he was unable to fully develop the record, or that the BIA failed to consider his arguments.

**2.** Barragan argues that he was deprived of due process because the IJ "mistakenly believed that [Barragan] had been convicted of possession of drug paraphernalia." Although the IJ erred when he stated in his decision that Barragan was convicted of "possession of drug paraphernalia," Barragan's due process challenge fails because he cannot establish that he was prejudiced by this error. On appeal, the BIA conducted a *de novo* review. In its *de novo* review, the BIA acknowledged that the IJ erred in finding that Barragan was convicted of "possession of drug paraphernalia," but nevertheless denied cancellation of removal and adjustment of status as a matter of discretion.

**3.** Barragan argues that the attorney who represented him before the IJ was ineffective in: (1) failing to raise the issue of adjustment of status before the IJ; and (2) failing to correct the IJ's mistaken belief that Barragan had a conviction for possession of drug paraphernalia. To prevail on an ineffective assistance of counsel claim, the petitioner must show that he was prejudiced by his counsel's deficient performance. *Torres-Chavez v. Holder*, 567 F.3d 1096, 1100 (9th Cir. 2009).

Here, Barragan's ineffective assistance of counsel claim fails because, even if his former attorney performed deficiently before the IJ, Barragan cannot establish that he was prejudiced. As was previously discussed, the BIA considered, *de novo*, whether Barragan was entitled to cancellation of removal or adjustment of status and denied both forms of relief as a matter of discretion. Moreover, the BIA, unlike the IJ, correctly described Barragan's criminal history.[3] Barragan does not argue that the BIA failed to consider adjustment of status or incorrectly described his criminal record. Accordingly, Barragan's ineffective assistance of counsel claim fails.

**PETITION DENIED.**

---

[3] Barragan's criminal history includes the following felony convictions: (1) a 1997 conviction for "Burglary 2nd Degree-Vehicle" in violation of California Penal Code sections 459-460(b); (2) a 1997 conviction for "Unlawful Taking of a Vehicle" in violation of California Vehicle Code section 10851(a); (3) a 2000 conviction for "Unlawful Taking of a Vehicle" in violation of California Vehicle Code section 10851(a); and, (4) a 2000 conviction for "Receiving Stolen Property" in violation of California Penal Code section 496(a).